SPGGC, Inc. v. NHAG                    CV-04-420-SM  03/14/05
                 UNITED STATES DISTRICT COURT

                   DISTRICT OF NEW HAMPSHIRE


SPGGC, Inc.,
     Plaintiff

     v.                               Civil No. 04-420-SM
                                      Opinion No. 2005 DNH 042
Kelly A. Ayotte, Attorney General,
     Defendant


                        O R D E R


     SPGGC, Inc. brings this action seeking a judicial

declaration that provisions of New Hampshire's Consumer

Protection Act are preempted by the National Bank Act and,

therefore, do not apply to it as a seller of prepaid gift cards

issued by a national bank.  It also seeks a declaration that

various provisions of that state statute, if enforced against it,

would violate the Commerce Clause of the United States

Constitution.  The State moves to dismiss SPGGC's complaint,

asserting that this court lacks subject matter jurisdiction

and/or that SPGGC's claims are barred by the Eleventh Amendment.

See Fed. R. Civ. P. 12(b)(1).  SPGGC objects.

## Standard of Review

When faced with a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff, as the party invoking the court's jurisdiction, has the burden to establish by competent proof that such jurisdiction exists. See Bank of N.H. v. United States, 115 F. Supp. 2d 214, 215 (D.N.H. 2000). And, in determining whether that burden has been met, the court must construe the complaint liberally, "treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Importantly, however, the court may also consider evidence submitted by the parties, such as depositions, exhibits, and affidavits, without converting the motion to dismiss into one for summary judgment.

> In a situation where the parties dispute the predicate facts allegedly giving rise to the court's jurisdiction, the district court will often need to engage in some preliminary fact-finding. In that situation, the district court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction. In such a case, the district court's findings of fact will be set aside only if clearly erroneous.

Skwira v. United States, 344 F.3d 64, 71-72 (1st Cir. 2003) (citation and internal quotation marks omitted), cert. denied, 124 S.Ct. 2836 (2004).

## Background

SPGGC, Inc., a division of the Simon Property Group, is responsible for issuing, distributing, and/or selling the Simon Gift Card. The Simon Gift Card is a "stored-value card," issued through the Bank of America. It is a "VISA" co-branded card between the Bank of America and SPGGC, and bears the "VISA" logo. It is accepted wherever VISA debit cards are accepted.

In November of 2004, the State notified Simon Property Group that some of the terms and conditions under which the Simon Gift Cards were being sold violated the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. 358-A (the "CPA"). Specifically, the State informed Simon Property Group that, by including an expiration date on the Simon Gift Card, and by charging administrative fees (which reduced the redeemable value of the card), it was violating state law. Parenthetically, the court notes that the attorneys general of at least two other

3

states - New York and Massachusetts - share the view that various terms and conditions applicable to the Simon Gift Card violate state consumer protection laws (though it appears that the State of New York recently settled its claims against Simon Property Group and/or SPGGC).

Here, in response to the State's notice, and in anticipation of state court litigation (which the Attorney General threatened), SPGGC filed this action, seeking declaratory and injunctive relief. Almost immediately thereafter, the State filed an enforcement action against Simon Property Group (SPGGC's parent) in state court, seeking to halt the sale of Simon Gift Cards in New Hampshire.

As noted above, the State moves to dismiss SPGGC's petition, asserting that while SPGGC "has pled that the CPA is preempted by federal law, and that the enforcement of the CPA would violate the Commerce Clause of the U.S. Constitution . . . [t]hese are in fact defenses to the State's action, and as such do not provide this court with subject matter jurisdiction." State's Memorandum in Support of Motion to Dismiss (document no.

4

9) at 2.  In the alternative, the State asserts that SPGGC's claims are barred by the Eleventh Amendment.  The court disagrees on both points.

## Discussion

In its amended complaint, SPGGC alleges that: (1) the National Bank Act preempts those portions of the New Hampshire CPA allegedly violated by the Simon Gift Card; and (2) to the extent the State is attempting to apply provisions of the CPA to the Simon Gift Card, the CPA interferes with interstate commerce, in violation of the Commerce Clause of the United States Constitution.  Those allegations are plainly sufficient to invoke this court's federal question subject matter jurisdiction.  See generally 28 U.S.C. § 1331.  See also Verizon Md., Inc. v. PSC, 535 U.S. 635, 642-43 (2002); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96 n. 14 (1983).

While the merits of SPGGC's claims are open to debate,[1] those claims are not "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)).  Nor are SPGGC's claims barred by the Eleventh Amendment, as the State suggests.  See, e.g., Verizon, 535 U.S. at 645-46.

## Conclusion

Whether SPGGC will prevail on its preemption and commerce clause claims is not a question currently before the court.  The sole question presented by the State's motion is whether SPGGC has properly invoked this court's subject matter jurisdiction. It has.

---

[1]     See, e.g., Exhibit A to Defendant's motion to supplement its motion to dismiss (document 18), Letter from Daniel P. Stipano, Acting Chief Counsel to the Comptroller of the Currency, to Massachusetts Attorney General Thomas Reilly (expressing the view that the state consumer protection act claims asserted against Simon Property Group in the Massachusetts action are not preempted by the National Banking Act).

Accordingly, for the foregoing reasons, as well as those set forth in plaintiff's memorandum in opposition to the motion to dismiss (document no. 21), defendant's motion to dismiss (document no. 9) is denied. Additionally, plaintiff's motion for preliminary injunctive relief (document no. 3) is denied as moot. See Plaintiff's memorandum in opposition to the motion to dismiss at 6 n.3 (conceding that "the Attorney General's suit against [Simon Property Group], filed the day after [SPGGC's federal] Complaint, mooted the particular form of injunctive relief [SPGGC] initially requested.").

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 14, 2005

cc:  Margaret M. Pinkham, Esq.
     Paul W. Shaw, Esq.
     Marc R. Scheer, Esq.
     David A. Rienzo, Esq.